Weygandt, C. J.,
dissenting. The decision of the majority seems to be based on the theory that the jurisdiction of this court in mandamus is narrower than that of the Court of Common Pleas. Great reliance is placed on the decision of this court in the case of State, ex rel. Moyer, v. Baldwin, 77 Ohio St., 532, 83 *318 N. E., 907, 19 L. R. A. (N. S.), 49. However, an examination of the controlling syllabus in that case discloses no such pronouncement.
It would seem that the instant case involves no question of jurisdiction. Concededly it is provided in Section 2 of Article IV of the Constitution of Ohio that this court “shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo.” However, the Constitution contains no definition of any of these writs. Hence, this deficiency has been supplied by the General Assembly in providing a code of civil procedure supplanting the common law and providing a statutory definition of mandamus which is general in its terms and contains no intimation that the remedy is of different scope in the different courts having jurisdiction to issue the writ. To hold the definition in the statute applicable to some courts and not to others is certain to cause endless confusion in the matter.
Stewart, J., concurs in the foregoing dissenting opinion.